# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

STATE OF FLORIDA

vs

USDC NO.  3:21cv2722-MCR-HTC

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.

USCA NO.

## TRANSMITTAL OF NOTICE OF APPEAL

The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. A copy of the appeal notice, docket entries, and Order appealed from is enclosed.

| | |
|---|---|
| First Appeal Notice: | YES |
| Judge Appealed From: | M CASEY RODGERS |
| Appellate Docket Fee: | YES |
| Court Reporters: | NO |
| Other | |

Please acknowledge receipt on the enclosed copy of this transmittal to: PENSACOLA DIVISION

JESSICA J. LYUBLANOVITS,
CLERK OF COURT

By: *Jennifer Johnson*
Deputy Clerk
1 North Palafox Street
Pensacola, Florida 32502-5658

November 24, 2021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

   v.                           No. 3:21-cv-2722-MCR-HTC

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

   *Defendants*.

_____/

## **NOTICE OF APPEAL**

Notice is hereby given that the State of Florida, plaintiff in the above-captioned case, appeals to the United States Court of Appeals for the Eleventh Circuit from the order denying Florida's Motion for a Temporary Restraining Order or Preliminary Injunction, ECF No. 6.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Daniel Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

*/s/ David M. Costello*
David M. Costello (FBN 1004952)
ASSISTANT SOLICITOR GENERAL

Natalie Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Jason H. Hilborn (FBN 1008829)
DEPUTY SOLICITOR GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
david.costello@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2021, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ David M. Costello*
Assistant Solicitor General

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.     CASE NO. 3:21cv2722-MCR-HTC

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

    Defendants.
_____/

## ORDER

Pending is the State of Florida's Motion for a Temporary Restraining Order ("TRO") or Preliminary Injunction, ECF No. 2, seeking to enjoin an interim final rule of the Centers for Medicare and Medicaid Services ("CMS") mandating COVID-19 vaccinations for all covered healthcare staff.  Having fully reviewed the materials submitted, the Court finds no showing of irreparable injury to support entry of a TRO or preliminary injunction, and therefore the motion is due to be denied.[1]

**Background**

On November 17, 2021, the State of Florida filed its Complaint, seeking preliminary and permanent injunctive and declaratory relief against the Department

---

[1] The motion does not request an evidentiary hearing, and the Court concludes that the motion can be decided on the basis of the affidavits submitted.  Florida represents that the motion has been furnished to the Defendants by mail.

of Health and Human Services ("HHS"); Xavier Becerra, in his official capacity as Secretary of HHS; the United States of America; Chiquita Brooks-Lasure, in her official capacity as Administrator of the CMS; and the CMS.[2]  The Complaint seeks a permanent injunction to prevent the implementation of the CMS's interim final rule mandating COVID-19 vaccinations for covered healthcare staff, *see* Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61555-01 (Nov. 5, 2021), and a declaration that the rule is unlawful.   ECF No. 1.  The Complaint asserts several causes of action, namely, that the agency action is in excess of the CMS's statutory authority (Count 1), that the CMS failed to follow notice and comment rulemaking procedures (Count 2), and that the CMS's action was arbitrary and capricious (Count 3), all in violation of the Administrative Procedure Act, 5 U.S.C. §§ 553, 706.  Also, Florida claims the rule is an unconstitutional condition on Florida's receipt of federal funds, in violation of the Spending Clause of the United States Constitution (Count 4), and seeks a "declaratory judgment that the Biden Administration's policy is unlawful."  ECF No. 1 at 34.

In brief, the interim final rule, which was issued on November 5, 2021, "revises the requirements that most Medicare- and Medicaid-certified providers and

---

[2] According to the Complaint, the CMS is a component of HHS.

CASE NO. 3:21cv2722-MCR-HTC

suppliers must meet to participate in the Medicare and Medicaid programs." Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61555-01 ( Nov. 5, 2021).  More particularly, the rule requires covered healthcare staff to be vaccinated against COVID-19 and to have received at least a first dose by December 6, 2021.  *See id.* at 61,573.  The mandate is implemented in two phases.  Phase 1 requires staff to have a first dose or a lawful exemption prior to December 6, 2021, and requires facilities to develop appropriate procedures by that date.  *Id.*  Phase 2 requires the second dose by January 4, 2022.  Providers must document compliance and process requests for exemptions.  *Id.* at 61,572.  The rule provides that, as with all new or revised requirements, the CMS will issue interpretive guidelines and will advise and train State surveyors on how to assess compliance.  *Id.* at 61,574.  If cited for noncompliance, providers may be subject to enforcement remedies, listing as examples civil money penalties, denial of payment for new admissions, or termination of the Medicare/Medicaid provider agreement.  *Id.* at 61,574.

In Section III of the interim final rule, the CMS explains that it found good cause to issue the rule without engaging in the ordinary notice and comment procedure prior to implementation, citing the urgency of the 2021 COVID-19 outbreaks associated with the Delta variant and the ongoing pandemic, declared by the President to be a national emergency, as well as the "vital importance of

vaccination" in protecting healthcare consumers and staff alike. *Id.* at 61,583–61,586. Moreover, the CMS noted the pandemic's strain on the United States' healthcare system and that the onset of the 2021-2022 influenza season presents an additional threat. According to CMS, data on the health consequences of coinfection with influenza and COVID-19 is limited and complicated by the fact that COVID-19 has greater rates of mortality and hospitalization than influenza. Also, while the rule went into effect before notice and comment based on this finding of good cause, the CMS will receive comments through January 4, 2022. *Id.* at 61,601.

Simultaneously with its Complaint, Florida filed the pending motion for a TRO or preliminary injunction, seeking to enjoin the operation of the interim final rule prior to December 6, 2021. In support of the motion, Florida presents several affidavits of directors of State facilities, agencies or institutions, asserting ways in which their operations may be adversely impacted by the vaccine mandate.[3] Florida's agency for Health Quality Assurance ("HQA") conducts surveys on behalf

---

[3] Specifically, Florida includes the affidavits of Kimberly Smoak, Deputy Secretary for Health Quality Assurance, Florida Agency for Health Care Administration; Erica Floyd Thomas, Assistant Secretary for Substance Abuse and Mental Health, Florida Department of Children and Families; Mark S. Lander, Interim Deputy Secretary for County health Systems, Florida Department of Health; Carl Wesley Kirkland, Jr., Deputy Director of Institutional Operations, Florida Department of Corrections; Robert Asztalos, Deputy Executive Director of the Florida Department of Veterans' Affairs; and Tom Rice, Deputy Executive Director for Programs at the Agency for Persons with Disabilities.

CASE NO. 3:21cv2722-MCR-HTC

of CMS, reviewing facilities for compliance. HQA's Deputy Secretary Kimberly Smoak states that if it were to refuse to enforce the mandate, HQA would lose its substantial federal funding as a consequence or have its agreement with HHS terminated. ECF 2-1. Similarly, the Florida Department of Children and Families ("DCF") Substance Abuse and Mental Health Assistant Secretary, Erica Thomas, states that under the mandate, the failure of a psychiatric residential treatment facility to comply could subject the facility to enforcement remedies by CMS (such as civil money penalties, denial of payment for new admissions, or termination of the Medicare/Medicaid provider agreement). According to Thomas, DCF employs 3,013 employees in psychiatric residential treatment facilities; it already suffers from staffing shortages, especially in rural areas; and "some employees will refuse the vaccination," which will amplify the staffing shortage and may result in an inability to provide effective treatment or may result in clients spending longer periods in jail awaiting a residential placement. ECF 2-3. Also, in the event DCF were not to comply, it would lose substantial federal funding that is critical to supporting patient services.

The Interim Deputy for the Florida Department of Health ("DOH"), Mark Lander, expresses similar concerns, stating that DOH estimates it could lose "up to 12 employees" in three counties due to the vaccine mandate, which would adversely

CASE NO. 3:21cv2722-MCR-HTC

Page 6 of 11

impact patient care by delaying services and requiring clients to travel long distances for primary care. ECF No. 2-3. As an example, Lander states that the Walton Community Health Center estimates "up to 57 employees may be lost" due to the vaccine mandate, causing a serious disruption in services, or, a failure to comply will result in a loss of significant federal funding that would have negative impacts on client care. *Id.*

Florida also presents affidavits from the directors of the Florida Department of Corrections, the Florida Department of Veterans' Affairs, and the Agency for Persons with Disabilities, who likewise report existing staff shortages and the inability to provide necessary services to incarcerated individuals, veterans, or persons with disabilities if the vaccine mandate is imposed, either due to the anticipated loss of more employees or the negative impact that would result from the significant loss of federal funding if the agency is unable to comply. ECF Nos. 2-4, 2-5, 2-6. Carl Kirkland of the Florida Department of Corrections (DOC) states that in addition to an immediate staffing shortage, the DOC may have to engage in bargaining with the Florida Police Benevolent Association, which would object to a vaccine requirement for its members, but this negotiation could not be completed before December 6, 2021. ECF No. 2-4. Robert Asztalos of the Florida Department of Veterans' Affairs, states that the vaccine mandate will exacerbate staffing

CASE NO. 3:21cv2722-MCR-HTC

shortages that already exist because "some employees may leave." ECF No. 2-5. Deputy Executive Director for the Agency for Persons with Disabilities, Tom Rice, states that "if widespread resignations were to occur," it would place the health and safety of residents at risk and consequently also result in Intermediate Care Facilities ("ICF") losing their certification if unable to meet certain staffing ratios that exist to protect the health and welfare of residents. Rice further states that the agency already faces staffing challenges and that based on responses to a survey of employees and the indications of staff, he estimates the agency will lose about 10% of its total filled positions. He further states that at one ICF, 194 out of 559 employees are not vaccinated, and "based on [Rice's] personal knowledge and indications from staff, close to 95% of the 194 could resign," negatively impacting the ICF's required staffing levels. ECF No. 2-6. Alternatively, Rice states that if an IFC fails to comply with the rule, it is subject to losing substantial federal funding that would likewise negatively impact the care and safety of residents in the facilities.

**Discussion**

A district court may grant a TRO or preliminary injunction only if there is (1) a substantial likelihood of success on the merits; (2) the plaintiff will suffer irreparable injury absent an injunction; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the opposing party;

CASE NO. 3:21cv2722-MCR-HTC

Page 8 of 11

and (4) the injunction would not be adverse to the public interest. *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1307 (11th Cir. 2010); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A restraining order or preliminary injunction is "an extraordinary and drastic remedy" granted only if the plaintiff has "clearly established" that each of the four requirements is satisfied. *Siegel*, 234 F.3d at 1176 (internal marks omitted). Thus, under Eleventh Circuit law, even if the plaintiff demonstrates a substantial likelihood of success on the merits, preliminary injunctive relief is improper "in the absence of a substantial likelihood of irreparable injury"––long considered "the *sine qua non* of injunctive relief." *Id.*

On review of the record, the Court finds no adequate showing that irreparable injury will occur in the absence of a TRO or preliminary injunction prior to December 6, 2021. The affidavits in support of the motion include assertions of how the various agencies and institutions anticipate they may be adversely impacted by the mandate. In particular, the affidavits express opinions of agency heads who "estimate" that they "may" lose a certain percentage or a number of employees, or speculate as to the consequences they will suffer "if widespread resignations were to occur." However, such opinions, absent supporting factual evidence, remain speculative and may be disregarded as conclusory. *See Rogers v. Evans*, 792 F.2d 1052, 1065 n.9 (11th Cir. 1986) (finding the district court properly struck an affidavit

CASE NO. 3:21cv2722-MCR-HTC

that was "phrased in conclusory terms without citing facts"). The injury must be "neither remote nor speculative, but actual and imminent." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)). Additionally, statements regarding employees' intent to resign are hearsay.

Also, it is represented that these agencies receive substantial federal funding, which may be cut off if they refuse to comply, resulting in a loss of services and patient care, or longer waits or longer drives for patients. However, economic loss such as the loss of funding is not irreparable. An injury is "irreparable" only if it cannot be undone through monetary remedies. *Id.* Florida argues that the economic harm its agencies will suffer from this loss of funding can establish irreparable harm in light of the sovereign immunity of the United States, against which it has no monetary recourse, citing *Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013) (referencing a state's Eleventh Amendment immunity from suit for damages in federal court). However, Florida has asserted claims under the APA and such violations, if found, can be remedied and restored in the ordinary course of litigation. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of

litigation, weighs heavily against a claim of irreparable harm." *Ne. Fla. Chapter of Ass'n of Gen. Contractors*, 896 F.2d at 1285 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Moreover, there is no evidence to suggest that the anticipated loss of federal funding from the State agencies' noncompliance will occur immediately on December 6, 2021, because the asserted loss of staff is speculative, the affidavits fail take to into account any impact from the availability of the exemption process provided in the interim final rule, and even if noncompliance occurs, any potential termination of funding would not occur on December 6.

Florida also contends there is irreparable injury to its own sovereignty if state law is preempted or if there is interference with state policy. This argument lacks merit and even if this could state irreparable injury, Florida references no law or established policy in danger of preemption but argues only that the Florida Legislature is *contemplating* legislation that would prohibit vaccine mandates. This is insufficient to justify the kind of relief Florida seeks.

Accordingly, Florida's Motion for a Temporary Restraining Order or Preliminary Injunction, ECF No. 2, is **DENIED**. Defendants are directed to respond

to the Complaint in due course.

**DONE AND ORDERED** this 20th day of November 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**

Query      Reports      Utilities      Help      Log Out

APPEAL

# U.S. District Court
# Northern District of Florida (Pensacola)
# CIVIL DOCKET FOR CASE #: 3:21-cv-02722-MCR-HTC

STATE OF FLORIDA v. DEPARTMENT OF HEALTH AND HUMAN SERVICES et al
Assigned to: JUDGE M CASEY RODGERS
Referred to: MAGISTRATE JUDGE HOPE T CANNON
Cause: 05:702 Administrative Procedure Act

Date Filed: 11/17/2021
Jury Demand: None
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**STATE OF FLORIDA** represented by **DANIEL WILLIAM BELL**
FLORIDA ATTORNEY GENERALS OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
786-473-2923
Email: daniel.bell@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**DAVID MATTHEW COSTELLO**
FLORIDA ATTORNEY GENERAL'S OFFICE
3507 E FRONTAGE ROAD
SUITE 200
TAMPA, FL 33606
908-461-5672
Email: david.costello@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**HENRY CHARLES WHITAKER**
FLORIDA OFFICE OF THE ATTORNEY GENERAL
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399-1050
850-414-3688
Email: henry.whitaker@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JAMES HAMILTON PERCIVAL , II**
FLORIDA ATTORNEY GENERALS OFFICE
OFFICE OF THE ATTORNEY GENERAL
Pl-01
THE CAPITOL
TALLAHASSEE, FL 32399

850-414-3300
Email: james.percival@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JASON H HILBORN**
FLORIDA ATTORNEY GENERALS OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
850-414-3887
Email: jason.hilborn@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JOHN MATTHEW GUARD**
QUARLES & BRADY LLP - TAMPA FL
101 E KENNEDY BLVD
STE 3400
TAMPA, FL 33602
813-387-0274
Fax: 813-387-1800
Email: john.guard@quarles.com
*ATTORNEY TO BE NOTICED*

**NATALIE CHRISTMAS**
FLORIDA ATTORNEY GENERALS OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
813-245-0147
Email: natalie.christmas@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **DEPARTMENT OF HEALTH AND HUMAN SERVICES** | represented by | **JOEL L MCELVAIN**<br>DOJ-CIV<br>FEDERAL PROGRAMS BRANCH<br>1100 L STREET NW<br>WASHINGTON, DC 20005<br>202-616-8298<br>Email: joel.l.mcelvain@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **XAVIER BECERRA** | represented by | **JOEL L MCELVAIN**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | represented by | **JOEL L MCELVAIN**<br>(See above for address) |

ATTORNEY TO BE NOTICED

**Defendant**

**U.S. CENTERS FOR MEDICARE AND MEDICAID SERVICES**     represented by **JOEL L MCELVAIN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHIQUITA BROOKS-LASURE**     represented by **JOEL L MCELVAIN**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/17/2021 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number AFLNDC-6550298.), filed by STATE OF FLORIDA. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Exhibit Summonses) (CHRISTMAS, NATALIE) (Entered: 11/17/2021) |
| 11/17/2021 | 2 | MOTION for Preliminary Injunction by STATE OF FLORIDA. (Attachments: # 1 Exhibit AHCA Declaration, # 2 Exhibit DCF Declaration, # 3 Exhibit DOH Declaration, # 4 Exhibit FDC Declaration, # 5 Exhibit FDVA Declaration, # 6 Exhibit APD Declaration) (CHRISTMAS, NATALIE) (Entered: 11/17/2021) |
| 11/18/2021 | 3 | NOTICE *of Similar Case* by STATE OF FLORIDA (COSTELLO, DAVID) (Entered: 11/18/2021) |
| 11/18/2021 | 4 | Summons Issued as to XAVIER BECERRA, CHIQUITA BROOKS-LASURE, DEPARTMENT OF HEALTH AND HUMAN SERVICES, U.S. CENTERS FOR MEDICARE AND MEDICAID SERVICES, UNITED STATES OF AMERICA. (jfj) (Entered: 11/18/2021) |
| 11/18/2021 |   | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 2 MOTION for Preliminary Injunction. (jfj) (Entered: 11/18/2021) |
| 11/19/2021 | 5 | NOTICE of Appearance by JOEL L MCELVAIN on behalf of All Defendants (MCELVAIN, JOEL) (Entered: 11/19/2021) |
| 11/20/2021 | 6 | ORDER denying 2 Motion for Preliminary Injunction. Signed by JUDGE M CASEY RODGERS on November 20, 2021. (aow) (Entered: 11/20/2021) |
| 11/22/2021 |   | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 5 Notice of Appearance for Defendants. (Please see proposed ISO) (jfj) (Entered: 11/22/2021) |
| 11/23/2021 | 7 | INITIAL SCHEDULING ORDER: Fed.R.Civ.P. 7.1 Corporate Disclosure Statement Deadline set for **12/7/2021**. Rule 26 Meeting Report due by **1/6/2022**. Discovery due by **5/18/2022**. Signed by JUDGE M CASEY RODGERS on 11/23/21. (jfj) (Entered: 11/23/2021) |
| 11/23/2021 | 8 | *DOCUMENT FILED USING INCORRECT EVENT. SEE CORRECT DOCKET ENTRY 10 . NOTICE *of Appeal* by STATE OF FLORIDA re 6 Order on Motion for Preliminary Injunction (COSTELLO, DAVID) Modified on 11/24/2021 (jfj). (Entered: 11/23/2021) |
| 11/23/2021 | 9 | Emergency MOTION *for Injunction Pending Appeal* by STATE OF FLORIDA. (COSTELLO, DAVID) (Entered: 11/23/2021) |

| 11/24/2021 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 9 Emergency MOTION for Injunction Pending Appeal by STATE OF FLORIDA. (COSTELLO, DAVID) (jfj) (Entered: 11/24/2021) |
| --- | --- | --- |
| 11/24/2021 | 10 | NOTICE OF APPEAL as to 6 Order on Motion for Preliminary Injunction by STATE OF FLORIDA. ( Filing fee $505 Receipt Number AFLNDC-6560164.) (COSTELLO, DAVID) (Entered: 11/24/2021) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 11/24/2021 13:10:55 | | | |
| PACER Login: | JenniJohnsFL | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:21-cv-02722-MCR-HTC |
| Billable Pages: | 3 | Cost: | 0.30 |
| Exempt flag: | Exempt | Exempt reason: | Always |