UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA,**

   **Plaintiff,**

v.                                                          CASE NO. 3:21cv2722-MCR-HTC

**DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES, et al.,**

   **Defendants.**
_____/

## ORDER

Before the Court is the State of Florida's Emergency Motion for Injunction Pending Appeal, ECF No. 9.  The relief requested will be denied, but on partial reconsideration, the Court finds it appropriate to schedule an expedited evidentiary hearing on Florida's request for preliminary injunctive relief.[1]

On November 20, 2021, this Court denied Florida's request for a Temporary Restraining Order ("TRO") and Preliminary Injunction.  ECF No. 6.  Florida sought to restrain and enjoin the implementation of an interim final rule issued on November 5, 2021, by the Centers for Medicare and Medicaid Services ("CMS"), requiring COVID-19 vaccinations for all covered healthcare staff in state-run facilities that

---

[1] The Court does not reconsider its ruling denying the State of Florida's motion for a temporary restraining order.

participate in Medicare and Medicaid programs, with a first vaccine dose to be administered by December 6, 2021. *See* Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61555-01 (Nov. 5, 2021) (referenced as the "interim final rule with comment period" or "IFC," which is the acronym used in the rule). The IFC also requires covered healthcare staff to obtain a second COVID-19 vaccination dose to be completed by January 4, 2022, except for those who have been granted an exemption or for whom vaccination must be temporarily delayed for clinical reasons under CDC recommendations. *Id.* at 61,572-73 (noting that certain allergies, recognized medical conditions, or religious beliefs, observances, or practices, may provide grounds for exemption). The undersigned denied a TRO because there was no showing of irreparable injury to the State of Florida to justify an immediate injunction. ECF No. 6. More specifically, the Court found the agency heads' predictions of widespread resignations were speculative and conclusory and that the threatened loss of federal funding would not occur on December 6, 2021, and moreover could be remediated through this suit brought pursuant to the Administrative Procedure Act ("APA"). The Court also rejected as insufficient Florida's claim of sovereign injury based on legislation prohibiting COVID-19 mandates that the State Legislature was *contemplating*.

CASE NO. 3:21cv2722-MCR-HTC

Florida has now appealed the Court's denial of a TRO and seeks an injunction pending appeal, acknowledging that the same standard applies as for a preliminary injunction. *See* Fed. R. Civ. P. 62(d) (authorizing the court to suspend, modify, restore, or grant an injunction when an appeal is pending from an order that either grants or refuses an injunction). This relief is discretionary and is not granted as "a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (noting there is "substantial overlap" between the decision to stay a judgment and the factors governing preliminary injunction). Courts considering a stay or injunction pending appeal look to: "(1) whether the [injunction] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 426 (concluding the traditional factors apply).

Florida renews its prior arguments and argues that this Court failed to consider several asserted irreparable harms that justify relief. For one, Florida argues that the State Legislature in fact passed a bill on November 18, 2021 (after its brief was filed but before this Court's decision), which prohibits private and public employer COVID-19 vaccination mandates. *See* Fla. Stat. §§ 381.00317, 112.0441 (Nov. 18,

CASE NO. 3:21cv2722-MCR-HTC

2021). Florida argues that the IFC's "interference" by preempting this state policy (which was enacted *after* the IFC was issued) demonstrates an irreparable sovereign injury by precluding Florida from enforcing its own law. Florida argues that an additional irreparable sovereign injury will occur based on the conflict between state and federal law that will force the Florida public health agency and facility heads to make the untenable choice of deciding which law to follow and which to violate. Florida also asserts that its sovereign interests as *parens patriae* are implicated as it seeks to protect Floridians who work in healthcare and do not wish to receive a vaccine, as well as patients who will lose access to adequate medical care because of the CMS mandate.

The Court acknowledges that it did not previously consider the impact of Florida's then unenacted law, but the Court will consider it now, given its passage.[2] In relevant part, the new Florida law prohibits public employers from imposing any COVID-19 mandate on a public employee and subjects a public employer to a fine not to exceed $5,000 per violation.[3] Fla. Stat. § 112.0441. In light of this law,

---

[2] Florida filed its motion claiming irreparable injury on November 17, and the state law passed on November 18, 2021. Florida filed no notice to supplement the motion and never advised this Court of the law's passage. Thus, no argument on the law *as enacted* was before the Court at the time the prior decision was made.

[3] Florida's law also states that a private employer who terminates an employee for not complying with a vaccine mandate is subject to fines of up to $50,000 per violation (for an employer with 100 or more employees). *See* Fla. Stat. § 381.00317. This law appears to provide

CASE NO. 3:21cv2722-MCR-HTC

sovereign interests are implicated, most notably a concern that the new state law creates a conflict that forces state-run agency and facility heads to make a decision by December 6 as to which law to follow, which could give rise to an irreparable sovereign injury. Therefore, the Court will hold a hearing on the matter in advance of December 6, out of an abundance of caution.[4]

Accordingly, Florida's Emergency Motion for Injunction Pending Appeal, ECF No. 9, is **DENIED**. However, the Court *sua sponte* reinstates Florida's request for a preliminary injunction, as stated in its Complaint, ECF No. 1, and its previously filed motion, ECF No. 2, and requires a written response from the Defendants by

---

for a wider range of exemptions than allowed under federal law (*i.e.*, requiring exemptions for medical reasons, religious reasons, COVID-19 immunity, agreeing to undergo periodic testing, and use of employer-provided personal protective equipment).

[4] To clarify, the Court's prior order denying a TRO and a preliminary injunction was intended to address only the TRO and should have indicated it was deferring on the preliminary injunction. That said, the Court did in fact consider and reject those arguments that were clearly presented to the Court previously, concluding that the affidavits presented did not justify entry of a TRO. The Court is not revisiting the TRO decision and is not granting an injunction pending appeal, which may be sought in the Eleventh Circuit, as Florida indicates it will do. However, for all practical purposes, the Court is holding an evidentiary hearing on the request for a preliminary injunction prior to December 6 in order to adequately address the new law and to hear all of Florida's arguments and evidence pertaining to a preliminary injunction. This should not be construed as an indication that the decision will necessarily change, but because Florida argues irreparable harm could occur before the Court can address the merits of the case if widespread resignations interrupt the state-run facilities' ability to provide necessary services or if federal funding is withdrawn before then, the Court will hear all evidence. *See McMahon v. City of Panama City Beach*, 180 F. Supp. 3d 1076, 1110 (N.D. Fla. 2016) (noting the question of irreparable harm for purposes of a preliminary injunction is whether it is "likely" to occur "before a decision on the merits can be rendered" (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22) (2008)). The Court anticipates reaching a decision before the December 6 deadline.

CASE NO. 3:21cv2722-MCR-HTC

**noon (C.T.)** on **Tuesday, November 30, 2021**. An evidentiary hearing will be held and oral argument heard on **Wednesday, December 1, 2021, at 9:00 a.m. (C.T.)** in the Fifth Floor Courtroom of the Federal Courthouse located at One North Palafox, Pensacola, Florida.[5] The time is subject to change if the parties confer and file a notice of their agreed start time, with an indication of the anticipated length of time needed for the hearing, by **5:00 p.m. (C.T.) on Monday, November 29, 2021**.

    **DONE AND ORDERED** this 27th day of November 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5] Counsel must appear in person. To enter the courtroom, all persons must provide proof of COVID-19 vaccination or a negative COVID-19 test dated within the previous three days, consistent with the undersigned's courtroom policy, which is provided on the Court's public website. See http://www.flnd.uscourts.gov/news/coronavirus-covid-19-updates (COVID Policy MCR Courtroom 5).

CASE NO. 3:21cv2722-MCR-HTC